IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**CHARLES PHILLIPS,**

        **Plaintiff,**

v.

**RESURGENT RECEIVABLES, LLC,**
    Serve: Corporation Service Company
          Registered Agent for the Defendant
          100 Shockoe Slip, Floor 2
          Richmond, VA  23219

        **Defendant.**

Civil Action No. 3:23-cv-00061

## COMPLAINT

In this action, the Plaintiff, Charles Phillips, asserts claims against the Defendant, Resurgent Receivables, LLC, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., and under Virginia common law for actions the Defendant took to collect a debt which was claimed to be owed by him.

Resurgent Receivables, LLC, is a debt buyer. That means that it is a company which purchases delinquent debts for the purpose of attempting to collect them. On March 31, 2022, Resurgent Receivables filed a lawsuit against Mr. Phillips in the Geene County General District Court seeking to collect the sum of $1,965.52, a debt which they claimed was owed on a Credit One Bank, N.A credit card account. Mr. Phillips denies that he ever had such a credit card account and therefore disputes the amounts claimed to be due.

When this suit was filed, Resurgent Receivables did not have sufficient evidence to back up its claims. Among other things, it had no documents signed by Mr. Phillips showing that he

had the credit card account in question, and it had no evidence showing that he had ever used the credit card for purchases or other purposes. Resurgent Receivables proceeded with this action anyway.

The parties appeared by counsel before the Greene County General District Court. Despite the objections presented by Mr. Phillips, Resurgent Receivables continued to present its claims in that Court. Eventually, on November 16, 2022, the General District Court Judge entered an Order that the case be non-suited. In the year since that happened, no additional lawsuit has been filed and no additional claims have been made by Resurgent Receivables against Mr. Phillips.

It is clear from what happened that Resurgent Receivables did not have any evidence to show that Mr. Phillips owed them any money. Yet they proceeded to bring this matter to Court anyway and to ask the Court to enter a judgment in their favor against Mr. Phillips. Because Mr. Phillips obtained counsel and continued to dispute their claims they did not succeed. And they ended up dropping their claims against Mr. Phillips, despite the fact that the Court left the door open for them to continue to pursue this if they thought they had a valid claim.

This pattern -- filing suit without evidence to support a claim and with no intention to go to trial -- is common with debt buyers such as Resurgent Receivables. It filed the lawsuit against Mr. Phillips without any evidence in support of its claims, in the hope that it could use the lawsuit to get money from him anyway, either by getting a default judgment or by getting him to agree to make payments. It didn't work in this case only because Mr. Phillips retained counsel and contested Resurgent Receivables' claims. When it became clear that it was going to have to put on evidence to establish its claims at a hearing, Resurgent Receivables simply dropped the lawsuit.

Among other things, these actions of the Defendant violated Mr. Phillips's rights under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. They also amount to wanton and willful misconduct under Virginia law. In this action, Mr. Phillips seeks actual and statutory damages, punitive damages, and his costs and attorney's fees in this action.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear the Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA) under the provisions of that Act, 15 U.S.C. §1692k(d), and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the Plaintiff's state law claims under 28 U.S.C. §1367(a).

3. Venue is proper in the Western District of Virginia because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

### Parties

4. The Plaintiff, Charles Phillips, is an adult resident of Greene County, Virginia.

5. Defendant Resurgent Receivables, LLC, is a limited liability corporation with its principal place of business located in Greenville, South Carolina. It is properly registered with the Virginia State Corporation Commission and is legally entitled to do business in the Commonwealth of Virginia. Resurgent Receivables is engaged in the business of purchasing delinquent debts from creditors for the purpose of attempting to collect them.

## Statement of Facts

6. On March 31, 2022, the Defendant, Resurgent Receivables, LLC, filed a Warrant in Debt with the Greene County General District Court, naming the Plaintiff, Charles Phillips, as the Defendant.

7. As the documents filed with the Warrant in Debt showed, the claim Resurgent Receivables made against Mr. Phillips was in the amount of $1,965.52. This was an amount claimed to be owed on a Credit One Bank, N.A, credit card account. Resurgent Receivables had been assigned the right to collect this debt by Credit One after paying a fee for that right.

8. In fact, Mr. Phillips never had a credit card account with Credit One Bank.

9. At the time the suit was filed by Resurgent Receivables, they did not have any documents relating to the credit card account which were signed by Mr. Phillips. There was no credit card contract or agreement signed by him, and there were no sales receipts or other documents signed by him showing that he ever used this credit card.

10. Despite the fact that they did not have any documents signed by Mr. Phillips, or other evidence showing that he had ever used the credit card involved, Resurgent Receivables filed the collection lawsuit against Mr. Phillips seeking to collect $1,965.52.

11. During the course of the lawsuit, Mr. Phillips and his counsel repeatedly advised Resurgent Receivables and their counsel that he had not ever had this credit card account or used the credit card they were suing him on. Despite this, and despite the fact that they had no documents relating to the credit card account signed by Mr. Phillips, Resurgent Receivables continued to assert its claims against him.

12. Resurgent Receivables knew that it did not have any evidence proving that Mr. Phillips had gotten the credit card involved in this matter or that he had ever used it. Despite

that, they asserted the claims against him that they presented in their lawsuit.

13. As of the date of the filing of this action, Resurgent Receivables has taken no further steps to attempt to collect the debt claimed to be owed to it by Mr. Phillips.

14. As a result of the collection lawsuit, Mr. Phillips was forced to spend a great deal of time and energy working on this case to defend his interests.

15. In addition, Mr. Phillips was required to obtain an attorney, to take time off from work.

16. As a result of the actions of Resurgent Receivables as described in this Complaint, Mr. Phillips suffered the stress of having to defend himself in a lawsuit and of having to hire an attorney. Because of this, the actions of the Defendant caused Mr. Phillips emotional distress, anger, shame, fear and frustration for a period of several months. Mr. Phillips seeks the sum of $25,000 from Resurgent Receivables to compensate him for having to endure this experience.

**First Cause of Action:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §1691 et seq.**

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein. The First Cause of Action asserts claims on behalf of the Plaintiff under the federal Fair Debt Collection Practices Act.

17. With regard to the collection of the amounts claimed to be owed to Resurgent Receivables, LLC, by Charles Phillips, as described in this Complaint, Mr. Phillips was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

18. In its actions to collect this debt from Mr. Phillips, as described above, Defendant Resurgent Receivables was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

19. In its efforts to collect money claimed to be due from Mr. Phillips, as described in this Complaint, Defendant Resurgent Receivables violated the provisions of the FDCPA in a number of ways, including the following:

(a) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

(b) using an unfair or unconscionable means to attempt to collect a debt, in violation of §1692f;

(c) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f; and

(d) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1).

It is possible that the Defendant committed other acts in violation of the FDCPA, and the Plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

20. Resurgent Receivables' actions, as described in this Complaint, caused Mr. Phillips needless stress which resulted in emotional distress, anger, shame, frustration, and the fear of an unfair judgment against him. The damages suffered by Mr. Phillips were in an amount equal to at least twenty-five thousand dollars ($25,000.00).

WHEREFORE, the Plaintiff, Charles Phillips, by counsel, hereby respectfully asks this Court to grant him the following relief under his First Cause of Action:

(a) judgment in favor of Mr. Phillips and against Resurgent Receivables, LLC, for $25,000.00 for his actual damages suffered as a result of Resurgent Receivables' actions, as provided by 15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Mr. Phillips and against Resurgent Receivables, LLC, in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) an award of his costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

(d) such other and further relief as to this Court shall seem just and proper.

### Second Cause of Action:
### Willful and Wanton Misconduct

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein. The Second Cause of Action assets claims on behalf of the Plaintiff under the Virginia Common Law claim for Willful and Wanton Misconduct.

21. The actions taken by Resurgent Receivables, LLC, in seeking to collect sums from the Plaintiff, Charles Phillips, were taken with full knowledge by Resurgent Receivables that it did not have sufficient information to establish that any of those sums were owed.

22. The actions taken by Resurgent Receivables in filing a lawsuit against Mr. Phillips without the evidence to support such a lawsuit and without the intent to present evidence at a trial if its claims were contested were actions taken with full knowledge and intent to proceed in this manner.

23. The actions taken by Resurgent Receivables in this matter, as described above, were taken in knowing violation of the provisions of the Fair Debt Collection Practices Act. 15 U.S.C.

§§1692e and 1692f.

24. The actions taken by Resurgent Receivables in this matter, as described above, were taken in knowing violation of the basic rules applicable to persons seeking to file a civil lawsuit in Virginia.

25. The actions taken by Resurgent Receivables in this matter, as described above, were taken with a wanton and willful disregard for Mr. Phillips' legal rights or with a reckless disregard for whether such actions were lawful.  See, e.g., Code of Virginia, Section 8.01-52.5.

26. The actions taken by Resurgent Receivables in this matter, as described above, were taken with the knowledge that they would cause harm to Mr. Phillips or with reckless disregard for whether they would cause him harm.

27. The actions taken by Resurgent Receivables as described above did in fact cause harm to Mr. Phillips in that he suffered financial harm and emotional distress as a result of those actions, as described in this Complaint.  The Plaintiff alleges that this is harm in the amount of twenty-five thousand dollars ($25,000.00).

WHEREFORE, the Plaintiff, Charles Phillips, by counsel, hereby respectfully asks this Court to grant him the following relief under her Second Cause of Action:

(a) a judgment in favor of Mr. Phillips and against Defendant Resurgent Receivables, awarding him $25,000.00 compensation for his actual damages suffered as a result of the defendant's actions;

(b) a judgment in favor of Mr. Phillips and against Defendant Resurgent Receivables awarding him punitive damages in the amount of $50,000.00, or in such other amount as this Court deems appropriate;  and

(c) such other and further relief as to this Court shall seem just and proper.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a jury trial of the issues in this action.

Respectfully submitted,

CHARLES PHILLIPS
Plaintiff
By Counsel

*[signature: Edward M. Wayland]*

Edward M. Wayland, Esq.
VSB #17380
Counsel for the Plaintiff
Charles Phillips

606 Monticello Avenue
Charlottesville, VA  22902
(334) 201-3345
edwayland@yahoo.com